# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0324, <u>In re Petition for Constructive Trust - Estate of Lucien Couture</u>, the court on November 10, 2015, issued the following order:**

The respondent's motion to waive the requirement of grey covers on her reply brief is granted. Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The respondent, Hellen Couture, appeals orders of the Circuit Court (<u>Gorman</u>, J.) following our remand of this case in <u>In re Estate of Couture</u>, 166 N.H. 101, <u>cert.</u> <u>denied</u> <u>sub</u> <u>nom.</u> <u>Couture v. Couture</u>, 135 S. Ct. 411 (2014). We construe her brief to argue that the trial court erred in numerous ways, including by: (1) imposing a constructive trust when (a) "the trial court lacked jurisdiction [over] the parties or the subject matter or . . . lacked the inherent power to make or enter the particular order . . . when [she] and the decedent . . . were still validly married at the time of his death"; (b) the respondent was the administrator of the estate; (c) the complaint was forged; (d) the "evidence was fabricated"; and (e) "[t]here is no real party to this case"; (2) failing "to award [her] attorney[']s fees plus cost plus punitive damage"; (3) failing to recognize that she had been a victim of "conspiracy [by] attorneys, judge and clerk of the court [who] all commit[ted] fraud upon the court"; (4) violating her due process rights by seizing her assets; and (5) "allow[ing anyone] other than [a] spouse to testify as to any matter which in the opinion of the Court violated . . . [the] marital confidence of" her and the decedent.

As the appealing party, the respondent has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's orders, the respondent's challenges to them, the relevant law, and the record submitted on appeal, we conclude that the respondent has not demonstrated reversible error. <u>See id</u>.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

<b>Eileen Fox,<br>Clerk</b>